IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 1:17-cr-80(2) |
| Plaintiff, | |
| | Judge Susan J. Dlott |
| v. | |
| Nelson Jones, | **Order Denying Motion to Waive Restitution Order** |
| Defendant. | |

This matter is before the Court on Defendant Nelson Jones's Motions to Waive Restitution Order. (Docs. 194 and 195.[1]) The Government responded in opposition. (Doc. 196.) For the reasons that follow, Jones's Motion will be **DENIED**.

Jones was arrested in June 2017 pursuant to a warrant. (Docs. 2, 5.) On September 20, 2017, the Government charged Jones in a Second Superseding Indictment[2] as follows:

> Count 1: Conspiracy to use a firearm during and in relation to a crime of violence on May 22, 2017 in violation of 18 U.S.C. § 924(o);
>
> Count 2: Armed bank robbery on May 22, 2017 in violation of 18 U.S.C. §§ 2113(a) & (d);
>
> Count 3: Use of a firearm during and in relation to a crime of violence on May 22, 2017 in violation of 18 U.S. C. § 924(c);
>
> Count 4: Armed bank robbery on May 13, 2017 in violation of 18 U.S.C. §§ 2113(a) & (d);
>
> Count 5: Use of a firearm during and in relation to a crime of violence on May 13, 2017 in violation of 18 U.S. C. § 924(c)(1)(C)(i);

---

[1] The Motions appear the same but were docketed twice. Although referred to as a singular Motion, the Court's Order applies to both docketed Motions.

[2] Four co-defendants also were charged in the Second Superseding Indictment.

>Count 6: Conspiracy to use a firearm during and in relation to a crime of violence on June 20, 2017 in violation of 18 U.S.C. § 924(o); and

>Count 7: Armed bank robbery on June 20, 2017 in violation of 18 U.S.C. §§ 2113(a) & (d).

(Doc. 33 at PageID 86–90.)

Jones entered into a Plea Agreement with the Government in which he agreed to plead guilty to Counts 3 and 5 of the Second Superseding Indictment. (Doc. 127.)[3] Jones stipulated to the following Statement of Facts in the Plea Agreement:

>On May 22, 2017 at approximately 11:00 am, Malcolm Lorenzo Jones and Nelson Jones robbed the Key Bank located at 3575 Springdale Road. As Malcolm entered the bank he displayed and brandished a black revolver while ordering the bank employees and customers to the ground. Malcolm demanded that the bank teller place the money on the counter which she complied. Once he had everyone's attention, Malcolm then went to the front door and opened it for Nelson to enter.

>When Nelson entered the bank an off-duty police officer entered immediately behind him. The off-duty officer pulled his firearm and demanded that both Malcolm and Nelson get on the ground. As Malcolm moved towards the ground he raised his firearm and fired a shot at the off-duty officer. A gunfight ensued. Malcolm jumped over the bank counter in an attempt to dodge the shots from the off-duty officer while exchanging return fire. Nelson slowly exited the front door while shots were being exchanged and remained immediately outside the front door signaling for Malcolm to get out of the bank. While Malcolm was struck by at least one bullet, both he and Nelson managed to flee the bank on foot. Approximately $3,480 was stolen. At the time of this offense, the deposits of Key Bank were insured by the Federal Deposit Insurance Corporation.

>On May 13, 2017 at approximately 9:30 am, Nelson Jones and Hope Tolbert entered the North Side Bank and Trust located at 11 11 St. Gregory St. Nelson entered the bank first and immediately brandished a firearm announcing that it was a robbery. Nelson demanded that the bank teller hand over the money from the cash drawer and Hope Tolbert assisted in collecting the money from the cash drawers. Together they fled the bank. Total loss sustained by the bank was approximately $6,490.00. At the time of this offense, the deposits of North Side Bank and Trust were insured by the Federal Deposit Insurance Corporation.

---

[3] Jones entered into a Plea Agreement with the Government on February 7, 2018, and then into a [Second] Plea Agreement on January 24, 2019. (Docs. 80, 127.) The [Second] Plea Agreement reflected a December 2018 amendment to the statutory penalties provided in 18 U.S.C. § 924. (Docs. 80, 127.)

2

(*Id.* at PageID 331.) The Government and Jones agreed to recommend to the Court that he receive a sentence of 204 months imprisonment—120 months on Count 3 and 84 months on Count 5 to run consecutively—followed by 5 years of supervised release. (*Id.* at PageID 328.)

On April 4, 2019, the Court accepted Jones's guilty plea and sentenced him to 204 months in prison. (Doc. 133.) As part of sentencing, the Court adopted the Presentence Report ("PSR") without change. (Doc. 134 at PageID 345.) The Court determined in the PSR that Jones participated in three armed bank robberies. (PSR at p. 7–8.) At sentencing, Jones was ordered to pay a $200 special assessment and $20,109.00 in restitution. (Doc. 134 at PageID 344.) Specifically, the Court ordered restitution in the amount of $10,639.00 to Wes Banco Bank (jointly and severally with Joy Favors, 17-cv-80-5 and Marquez Peterson, 1:17-cr-80-4); $3,480.00 to Key Bank (jointly and severally with Malcom Jones, 1:17-cr-80-1); and $5,990.00 to North Side Bank & Trust (jointly and severally with Hope Tolbert, 1:17-cr-80-3). (*Id.* at PageID 343–344.) The Court determined Jones does not have the ability to pay interest and waived the interest requirement for his restitution payments. (*Id.*) Payment was to begin immediately, and payment during supervised release is to commence within 60 days of Jones's release from prison. (*Id.* at PageID 344.) Jones is currently serving his sentence at FCI Hazelton, and his projected release date is April 7, 2032. Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed Jan. 2, 2025).

In his Motion, Jones now asks the Court to "waive his Restitution due to plaintiff not having the funds to pay and no job." (Doc. 194 at PageID 826.) He also asks that his restitution be reduced to "_$ for month or 25 percent of his net income whichever is greater" beginning 60 days after his release from prison. (*Id.*) He complains that he is being prevented from programming at prison because is he unable to pay his restitution. (*Id.*)

3

Restitution is a part of a defendant's sentence. *United States v. Ushery*, No. 23-5840, 2024 U.S. App. LEXIS 1551, at *3 (6th Cir. 2024) (citing *United States v. Winans*, 748 F.3d 268, 271 (6th Cir. 2014)). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *Id.* (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). This case is no exception.

The Mandatory Victim Restitution Act of 1996 ("MVRA") governs all impositions of restitutions for offenses completed on or after April 24, 1996 and thus applies here. *United States v. Schulte*, 264 F.3d 656, 662 (6th Cir. 2001). The Court lacks authority to alter Jones's criminal sentence. Federal Rules of Criminal Procedure 33 and 35 allow modification of sentences within fourteen days of conviction or sentencing. As Jones was sentenced in 2019, the fourteen-day time limit has run. Federal Rule of Criminal Procedure 36 permits correction of a "clerical mistake." A clerical error is construed as clearly "mechanical" in nature, which is not the case here. *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008).

18 U.S.C. 3664(o) enumerates grounds for altering a restitution order, none of which are applicable here. Section 3664(o)(1)(A) and (B) cite the authority granted under Federal Rule of Criminal Procedure 35 and 18 U.S.C. § 3742, but the clock on these methods of relief has run. Section 3742 allows a defendant to file a notice of appeal seeking alteration of a restitution order, but typically "sentencing challenges must be raised on direct appeal or they are waived." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Jones's Motion is neither a direct appeal nor made within fourteen days of sentencing, rendering these provisions inapplicable. 18 U.S.C. § 3664(o)(1)(C) references subsection (d)(5) pertaining to an inability to assess the victim's losses prior to sentencing; this provision is likewise inapplicable to Jones's

4

request. Finally, Section 3664(o)(1)(D) cites subsection (k) which grants a district court the authority to "adjust the payment schedule" in response to change in the defendant's economic situation. There has been no change in Jones's economic situation that would warrant this section applicable.

Finally, to the extent Jones objects to the amount of his payment proposed by the Inmate Financial Responsibility Program ("IFRP"), the Court lacks the authority to adjust his payment plan, as it falls under the purview of the BOP. *United States v. Gregory*, CR 122-029, 2023 U.S. Dist. LEXIS 92740, at *2 (S.D. Ga May 26, 2023) ("[T]the Court is without authority to adjust the IFRP payments or the formula that the BOP uses.") The IFRP is a voluntary program that encourages inmates to meet their financial obligations through development of a financial plan. 28 C.F.R. § 545.10. Although participation is voluntary, an inmate who refuses to participate is subject to consequences, such as being quartered in the lowest housing status. 28 C.F.R. § 545.11(d).

For the reasons addressed herein, Jones's Motion (Doc. 194, 195) is **DENIED**.

**IT IS SO ORDERED**.

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court